Hurrell Cantrall LLP
300 South Grand Avenue, Suite 1300
Los Angeles, California 90071
Telephone (213) 426-2000

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ANGELENA SANDIFOR, BRENDA BLANDON, JAMIE UTTERBACK,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF LOS ANGELES, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, LOS ANGELES COUNTY SHERIFF JIM McDONNELL, in his individual and official capacity, DEPUTY GIANCARLO SCOTTI, in his individual and official capacity, and DOES 1 to 10,<br><br>Defendants. | CASE NO. 2:18-cv-7650- DMG (PLAx)<br><br>**ORDER RE: PARTIES JOINT AMENDMENT TO PROTECTIVE ORDER**<br><br>[Assigned to Hon. Dolly M. Gee Courtroom "8C"] |

/ / /

/ / /

/ / /

/ / /

The Court has read and considered the stipulation by and between the parties herein regarding a joint amendment to the existing Protective Order in this action (Docket Entry No. 28).

The Court finds that good cause exists and ORDERS the below terms and conditions be adopted as an amendment to the existing Protective Order.

1. DEFINITIONS:

    3.1 <u>Custody</u>: Confinement to a jail facility, whether state or federal, and whether owned and/or operated by the Los Angeles County Sheriff's Department or not. Custody as used in this amendment also includes supervised release programs (e.g. *in-house* drug treatment programs), but does **not** include other forms of supervised release (e.g. probation or parole);

    3.2 <u>Attorney's Eyes Only</u>: Documents or matters designated as Attorney's Eyes Only may be disclosed only to Counsel and Experts as defined in Paragraph 3.3-3.4, *infra*, exclusively;

    3.3 <u>Counsel:</u> Counsel of record for the parties to this action, including their support staff and experts;

    3.4 <u>Experts</u>: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a party to this action.

2. The parties and their Counsel will adhere to the following procedure regarding contacting third party current or former inmates identified in County Defendants' Supplemental Responses to Interrogatory Nos. 21-22 (hereafter referred to as the Supplemental Responses) and/or within County Defendants' Supplemental Responses to Requests for Production Nos. 52, 57, 59-60, 62, and 64 (hereafter, referred to as the "Investigative Documents"):

/ / /

/ / /

a. Should Plaintiffs' Counsel (or anyone acting at their behest) seek to contact the individuals identified in the Supplemental Responses and/or Investigative Documents and those persons are in "CUSTODY," that Plaintiffs' Counsel, and/or their designated representative shall:
   1. Make good faith attempts to secure a private room at the facility, unencumbered by other inmates or custodial staff;
   2. Not specify to any other person at the facility (custodial staff or inmate), the reason for the visit, or the anticipated content of the interview with the inmate(s);
   3. Ensure that appropriate consent has been given for the inmate(s) participation in the interview;
   4. Not disclose to the inmate(s) who they represent, or the claims being raised by the parties herein;
   5. Request that the inmate(s) keep confidential, the subject matter discussed in the interview; and
   6. Advise the inmate(s) of their rights to seek *inter alia* psychological services pursuant to the Prison Rape Elimination Act ("PREA"), following the interview.
b. If inmate is already represented by civil counsel, that Plaintiffs' Counsel **only** contact said inmate by and through their counsel;
c. If the person(s) identified in the Supplemental Responses and/or Investigative Documents are not in "CUSTODY," that the above procedures do not apply to Plaintiffs' Counsel's contemplated contact with these person(s) and that where called for in the request, **only** the address and telephone number the inmate furnished to the Los Angeles County Sheriff's Department upon his/her most recent arrest, will be furnished by County Defendants.

///

3. Because the names of third party current or former inmates are likely to be contained within the Supplemental Responses and/or the Investigative Documents, such materials may be designated as Attorney's Eyes Only. Materials designated in this manner may be disclosed only to Counsel and Experts as defined in Paragraph 3.3-3.4, *supra*, exclusively. Any further disclosure of such information shall occur only by agreement of the parties in writing or by way of court order, notwithstanding the provisions of sections V and VI. of the Protective Order (Docket Entry No. 28).

4. The agreements outlined herein constitute an amendment to the existing Protective Order (Docket Entry No. 28), and that failure to adhere to these terms be considered a violation of said Order and that penalties will be imposed to the extent outlined in Section XVI of said Order.

**APPROVED AND SO ORDERED:**

Dated: June 10, 2019

_____
THE HONORABLE PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE